Entered on Docket
January 14, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: January 13, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TIMOTHY R. HECK and VARDA TREIBACH-HECK,<br><br><br><br>    Debtors. | Case No. 09-31512 TEC<br><br>Chapter 7 |

### MEMORANDUM RE DEBTORS' MOTIONS TO REOPEN

Upon due consideration, for the reasons stated below, the court denies Debtors' motions to reopen their bankruptcy case. This memorandum constitutes the court's findings of fact and conclusions of law.

**FACTS**

On June 2, 2009, Debtors filed a no-asset chapter 7 bankruptcy case. On June 23, 2009, Debtors filed a statement of intent to surrender overencumbered real properties located at 12604 Carmel Country Road and 18064 Ivy Hill Drive #8, San Diego, California (collectively, the Properties). On July 9, 2009, the chapter 7 trustee filed a report of no distribution. On September 10, 2009, the court entered Debtors' discharge pursuant to 11 U.S.C. § 727. The bankruptcy case was closed on September 25, 2009.

On June 3, 2010, August 31, 2010, and October 8, 2010, Debtors filed three separate motions to reopen their bankruptcy case, and paid a $260 reopening fee. Debtors seek to enforce the discharge injunction against Elysian Community Association RB 214 (Elysian), a homeowners association that Debtors contend is attempting to collect *postpetition* homeowners dues.[1] Debtors also seek to compel the mortgagee (Chase) to take legal title to the Properties, effective as of the bankruptcy petition date, to assume financial responsibility for the Properties, and to remove from county records and Debtors' credit reports delinquencies reported against Debtors with respect to the Properties.

**LAW**

A bankruptcy case may be reopened for cause. 11 U.S.C. § 350(b). The court determines that Debtors' motions to reopen should be denied, because no cause exists to reopen Debtors' bankruptcy case.

First, Elysian's collection efforts do not violate the discharge injunction, because Debtors continue to hold legal title to the Properties, and because a discharge under section 727 does not discharge a debtor with a "legal, equitable, or possessory ownership interest" from any debt for homeowners association assessments due and payable postpetition. 11 U.S.C. § 523(a)(16).[2]

---

[1] Debtors acknowledge that they were current on their homeowners dues as of the petition date.

[2] Section 523(a)(16) provides in relevant part as follows:
A discharge under section 727 . . . of this title does not discharge an individual from any debt for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, . . . or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit . . .

-2-
Case: 09-31512   Doc# 29   Filed: 01/13/11   Entered: 01/14/11 12:12:03   Page 2 of 4

Debtors themselves acknowledge that the HOA fees Elysian seeks to collect came due postpetition.

Second, the court does not have subject matter jurisdiction to enter injunctive or declaratory relief against Chase. Such claims for relief do not "arise under" the Bankruptcy Code or "arise in" the bankruptcy case. Although the Bankruptcy Code requires individual debtors to file a statement as to whether they intend to retain or surrender property encumbered by secured debt,[3] the Code does not impose a duty on the affected secured creditor to act upon Debtors' statement of intention. Nor are such claims "related to" the bankruptcy case, because the outcome of a lawsuit for injunctive or declaratory relief would not have any conceivable effect on Debtor's bankruptcy estate. The complained-of conduct occurred postpetition, and the Properties are no longer property of the bankruptcy estate. 11 U.S.C. §554(c); 28 U.S.C §§ 157(b), 1334(b).

Because no cause exists to reopen Debtors' bankruptcy case and the motion to reopen is denied, the Clerk shall refund to Debtor the $260 reopening fee paid by Debtors.

Debtors should consider hiring an attorney to help them limit their financial exposure, as there undoubtedly exist inexpensive, practical means by which Debtors can use the Properties to pay the homeowners dues until Chase forecloses.

**\*\*END OF MEMORANDUM\*\***

---

[3] 11 U.S.C. § 521(a)(2)(B).

1 | **COURT SERVICE LIST**
 2 | Varda Treibach-Heck
   | 784 Vespucci Ln.
 3 | Foster City, CA 94404-2921
 4 |
 5 | Timothy R. Heck
   | 784 Vespucci Ln.
 6 | Foster City, CA 94404-2921
 7 |
 8 |
 9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |